UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

TANYA DEES,

                Plaintiff,

        -against-

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

**MEMORANDUM OF
DECISION AND ORDER**
17-CV-01316 (LDH)

-------------------------------------------------------------------x
LaSHANN DeARCY HALL, United States District Judge:

      Plaintiff Tanya Dees, proceeding pro se, appeals the decision of Defendant Commissioner of Social Security (the "Commissioner") denying Plaintiff's application for benefits under the Social Security Act (the "Act"). Defendant moves pursuant to Federal Rule of Civil Procedure 12(c) for judgment on the pleadings, requesting that this Court affirm the Commissioner's determination that Plaintiff was not disabled and dismiss the instant action. Plaintiff neither opposes the Commissioner's motion nor cross-moves. For the reasons stated below, Defendant's motion is granted.

## BACKGROUND

      On March 4, 2013, Plaintiff, a former administrative clerk, filed an application for disability insurance benefits, alleging disability commencing August 8, 2012, due to status post-bilateral knee replacements, cervical disc disease, and a dislocated patella. (Tr. at 544.)[1] The Social Security Administration (the "SSA") denied Plaintiff's application on May 21, 2013, and Plaintiff requested a hearing with an administrative law judge ("ALJ"). (Tr. at 422–31, 434–47, 442–43.) On August 6, 2014 and February 25, 2015, Plaintiff appeared with counsel before ALJ

---

[1] Citations to "Tr." refer to the certified copy of the administrative record of proceedings.

1

Hilton Miller. (Tr. 360–62, 371–73.) By order dated April 9, 2015, the ALJ found that Plaintiff was not disabled and denied her appeal accordingly. (Tr. at 321–37.) On August 22, 2016, the Appeals Council denied Plaintiff's request for review, rendering the ALJ's decision final. (Tr. at 103–09.) Plaintiff then filed an appeal to this Court on March 6, 2017. (Pl.'s Compl. ¶ 1, ECF No. 1.)

Because Defendant's motion is unopposed, the Court may adopt the facts as presented in Defendant's moving brief.[2] (Def.'s Mem. Supp. J. Pleadings at 2–18, ECF No. 19.) (setting forth relevant non-medical and medical evidence); *Jackson v. Fed. Exp.*, 766 F.3d 189, 197 (2d Cir. 2014) (noting that in the case of an unopposed motion, "there is no need for a district court to robotically replicate the defendant-movant's statement of undisputed facts and references to the record or otherwise serve as an assistant to our law clerks").

## STANDARD OF REVIEW

A motion for judgment on the pleadings is reviewed under the same standard as a motion to dismiss under Rule 12(b)(6). *Bank of New York v. First Millennium, Inc.*, 607 F.3d 905, 922 (2d Cir. 2010) ("The same standard applicable to Fed. R. Civ. P. 12(b)(6) motions to dismiss applies to Fed. R. Civ. P. 12(c) motions for judgment on the pleadings."). Even where a motion for judgment on the pleadings is unopposed, the court must still review the entire record and ensure that the moving party is entitled to judgment as a matter of law. *See Martell v. Astrue*, No. 09-CV-1701, 2010 WL 4159383, at *2 n.4 (S.D.N.Y. Oct. 20, 2010) (recognizing a court's obligation to review the entire record before deciding an unopposed motion for judgment on the pleadings in a social security benefits case); *McDowell v. Comm'r of Soc. Sec.*, No. 08-CV-1783, 2010 WL 5026745, at *1 (E.D.N.Y. Dec. 3, 2010) ("Even where such a motion is unopposed, the

---

[2] The ALJ's specific findings of fact and conclusions of law are discussed below where pertinent. *See infra* at 4–10.

court may not grant the motion by default."). Furthermore, when a plaintiff proceeds pro se, the court will read her submissions liberally and "interpret them to raise the strongest arguments that they suggest." *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994).

Under the Act, a disability claimant may seek judicial review of the Commissioner's decision to deny her application for benefits. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *see also Felder v. Astrue*, No. 10-CV-5747, 2012 WL 3993594, at *8 (E.D.N.Y. Sept. 11, 2012). In conducting such review, the court is tasked only with determining whether the Commissioner's decision is based upon correct legal standards and supported by substantial evidence. 42 U.S.C. § 405(g); *see also Burgess v. Astrue*, 537 F.3d 117, 127–28 (2d Cir. 2008) (citing *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000)).

The substantial evidence standard does not require that the Commissioner's decision be supported by a preponderance of the evidence. *See Schauer v. Schweiker*, 675 F.2d 55, 57 (2d Cir. 1982) ("[A] factual issue in a benefits proceeding need not be resolved in accordance with the preponderance of the evidence . . . ."). Instead, the Commissioner's decision need only be supported by "more than a mere scintilla" of evidence and by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Pollard v. Halter*, 377 F.3d 183, 188 (2d Cir. 2004) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). In deciding whether substantial evidence supports the Commissioner's findings, the court must examine the entire record and consider all evidence that could either support or contradict the Commissioner's determination. *See Jones ex. rel. T.J. v. Astrue*, No. 07-CV-4886, 2010 WL 1049283, at *4 (E.D.N.Y. Mar. 17, 2010) (citing *Snell v. Apfel*, 171 F.3d 128, 132 (2d Cir. 1999)), *aff'd sub nom. Jones ex rel. Jones v. Comm'r of Soc. Sec.*, 432 F. App'x 23 (2d Cir. 2011). Still, the court must defer to the Commissioner's conclusions regarding the weight of

conflicting evidence.  *See Cage v. Comm'r of Social Sec.*, 692 F.3d 118, 122 (2d Cir. 2012) (citing *Clark v. Comm'r of Soc. Sec.*, 143 F.3d 115, 118 (2d Cir. 1998)).  If the Commissioner's findings are supported by substantial evidence, then they are conclusive and must be affirmed.  *Ortiz v. Comm'r of Soc. Sec.*, No. 15-CV-3966, 2016 WL 3264162, at *3 (E.D.N.Y. June 14, 2016) (citing 42 U.S.C. § 405(g)).  Indeed, if supported by substantial evidence, the Commissioner's findings must be sustained, even if substantial evidence could support a contrary conclusion or where the court's independent analysis might differ from the Commissioner's.  *See Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992) (citing *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982)); *Anderson v. Sullivan*, 725 F. Supp. 704, 706 (W.D.N.Y. 1989); *Spena v. Heckler*, 587 F. Supp. 1279, 1282 (S.D.N.Y. 1984)).

## DISCUSSION

### I. The ALJ Correctly Found That Plaintiff Was Not Disabled

In making a disability determination, an ALJ must follow the sequential five-step process set out in the Code of Federal Regulations for Social Security ("the Regulations").  *See* 20 C.F.R. §§ 404.1520(a)–(h).  According to the Regulations, the ALJ must first determine whether the claimant is engaged in substantial gainful activity.  *Id.* § 404.1520(b).  If not, the ALJ must proceed to the second step to determine whether the claimant has a severe medically determinable impairment or combination of impairments.  *Id.* § 404.1520(c).  An impairment is severe if it significantly limits a claimant's abilities to perform "basic work activities."  *Id.*  If the claimant has a medically determinable severe impairment, the ALJ will proceed to step three to determine whether any identified severe impairments meet or medically equal those identified in Appendix 1 to the Act.  *Id.* § 404.1520(d).  Such impairments are *per se* disabling if a claimant meets the duration requirement.  *Id.*  If a claimant's impairments are not *per se* disabling, the

4

ALJ proceeds to step four to assess the claimant's ability to work in light of her limitations, otherwise known as her residual functional capacity ("RFC"). *Id.* §§ 404.1520(a)(4)(iv), 404.1520(e), 404.1545(a)(1). At step five, the ALJ must establish whether the claimant's RFC will allow her to perform past relevant work. *Id.* § 404.1520(f). If the claimant's RFC precludes her from performing past relevant work, the ALJ bears the burden of proving that, given her age, education, work experience, and RFC, the claimant can perform other work that exists in significant numbers in the national economy. *Id.* § 404.1520(g)(1). If such work exists, then the claimant is not disabled. *Id.*

Defendant maintains that the ALJ correctly applied this sequential five-step process in finding that Plaintiff was not disabled. (Def.'s Mem. Supp. J. Pleadings at 22–23.) For the reasons set out below, the Court agrees.

### A. Steps One Through Three

Steps one through three are easily satisfied in this case. The record, which included Plaintiff's Certified Earnings Records, supports the ALJ's finding at step one that Plaintiff had not worked since the alleged onset date of August 8, 2012. (Tr. at 326, 546–63.) Similarly, Plaintiff's medical reports are consistent with the ALJ's finding at step two that Plaintiff's bilateral knee disorder with total replacement and internal derangement, advanced arthritis of the hip, low back disorder, status post-surgery for left shoulder rotator cuff internal derangement, and cervical spine discogenic disease were severe impairments. (Tr. at 326, 631–830.) Indeed, each of these impairments lasted for a continuous period of more than twelve months and significantly affected Plaintiff's ability to perform basic work activities. (*Id.*) At step three, the ALJ properly found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404,

Subpart P, Appendix 1. (Tr. at 326–27.) In making this determination, consistent with 20 C.F.R. § 404.1527(e)(2)(iii),[3] the ALJ adopted the opinion of medical expert Dr. John Axline. (*Id.*) Dr. Axline reviewed Plaintiff's entire medical record and determined that Plaintiff's impairments did not rise to the level of severity that would warrant a *per se* finding of disability. (Tr. at 326–27, 399.) Dr. Axline's finding is supported by the record. (Tr. at 399–404; 803–30.) As such, the ALJ's determination is consistent with the medical evidence in the record.

B. Step Four

At step four, the ALJ determined that Plaintiff has the RFC to fully perform "sedentary exertion."[4] (Tr. at 331–32.) Though not expressly stated, it is apparent from the ALJ's opinion that he gave significant weight to the opinions of Plaintiff's treating physicians.[5] (Tr. at 328–31.) Specifically, the ALJ considered Dr. Edwin Chang's finding that Plaintiff's gait was "very steady" (Tr. at 643.), Dr. Richard Pinto's report that Plaintiff's MRIs were normal (Tr. at 667–68.), and Dr. Lisa Vasanth's determination that Plaintiff's neck, shoulder, and lower back pain had improved with physical therapy (Tr. at 751–53.). This evidence, among other evidence, substantiates the ALJ's determination that Plaintiff has the RFC to fully perform "sedentary exertion."

The findings of consultative examiner Dr. Mahendra Misra and medical expert Dr. Axline further substantiate the ALJ's finding. Specifically, Dr. Misra's opinion supported the

---

[3] The SSA regulations, effective at the time of the ALJ's determination, permitted the ALJ to consider a medical expert's opinion in determining whether Plaintiff's impairments equaled any of the SSA's listed impairments. 20 C.F.R. § 404.1527(e)(2)(iii).

[4] "Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." 20 C.F.R. § 404.1567(a).

[5] "Treating physicians" are entitled to a degree of deference, as the ALJ is "required either to give . . . controlling weight [to such opinions] or to provide good reasons for discounting them." *See Zabala v. Astrue*, 595 F.3d 402, 409 (2d Cir. 2010) (citing 20 C.F.R. § 404.1527(d)(2)).

6

ALJ's determination that Plaintiff's impairments preclude her from performing prolonged exertional activities.[6] (Tr. at 331.) Furthermore, Dr. Axline found that Plaintiff is capable of performing light exertion,[7] and that Plaintiff's use of her cane is not medically necessary for ambulation. (Tr. at 399–401.) Accordingly, Dr. Axline's assessment supported the ALJ's determination that Plaintiff is capable of sedentary exertion despite her impairments.

Lastly, in assessing Plaintiff's RFC, the ALJ properly conducted a two-step credibility analysis, engaging in a thorough review of the record to analyze Plaintiff's testimony concerning her impairments and limitations. *See Genier v. Astrue*, 606 F.3d 46, 49 (2d Cir. 2010) ("[T]he ALJ must decide whether the claimant suffers from a medically determinable impairment that could reasonably be expected to produce the symptoms alleged . . . . If the claimant does suffer from such an impairment . . . the ALJ must consider the extent to which the claimant's symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence of record.") (internal citations omitted)). Although the ALJ determined that Plaintiff's impairments could reasonably be expected to produce Plaintiff's alleged symptoms, the ALJ found Plaintiff's statements regarding the intensity, persistence, and limiting effects of these symptoms not entirely credible. (Tr. at 327–31.) In particular, Plaintiff testified that she was limited to a restricted range of sedentary exertion and experienced substantial ongoing pain. (Tr.

---

[6] The ALJ rejected Dr. Misra's opinion indicating that Plaintiff would need to take breaks every ten minutes from sitting and standing to relieve pain throughout the workday as inconsistent with the medical record. (Tr. at 330–31.); *see* 20 C.F.R. § 404.1527(c)(3)("The more a medical source presents relevant evidence to support a medical opinion, particularly medical signs and laboratory findings, the more weight we will give that medical opinion. The better an explanation a source provides for a medical opinion, the more weight we will give that medical opinion.").
[7] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. § 404.1567(b).

at 389–98.) However, Plaintiff's treating physicians reported that medications and physical therapy were effective (Tr. at 643, 647, 780–82, 820–21.), and diagnostic scans and tests consistently reported Plaintiff's condition as normal, (Tr. at 659, 663, 667–68, 673, 695, 706.). The ALJ explained that these scans, tests, and medical reports, along with the physical therapist's determination, supported a finding that Plaintiff's statements concerning the intensity, persistence, and limiting effects of her symptoms were not entirely credible. (Tr. at 330.); *see Taub v. Astrue*, No. 10-CV-2526, 2011 WL 6951228, at *8 (E.D.N.Y. Dec. 30, 2011) (finding that "[i]f the ALJ decides to reject subjective testimony concerning pain and other symptoms, he must do so explicitly and with sufficient specificity to enable the Court to decide whether there are legitimate reasons for the ALJ's disbelief and whether his determination is supported by substantial evidence") (quoting *Brandon v. Bowen*, 666 F.Supp. 604, 608 (S.D.N.Y. 1987)); *Frias v. Comm'r of Soc. Sec.*, 225 F. Supp. 3d 125, 135–36 (E.D.N.Y. 2016) ("[A]n administrative law judge may 'properly reject claims of severe, disabling pain after weighing the objective medical evidence in the record, the claimant's demeanor, and other indicia of credibility.'")(quoting *Echevarria v. Apfel*, 46 F. Supp. 2d 282, 292 (S.D.N.Y. 1999)).

Ultimately the ALJ's determination that she possessed the RFC to perform sedentary work was amply supported by substantial evidence in the record, and therefore, there is no basis for overturning it.

    C. <u>Step Five</u>

At step five, the ALJ determined that Plaintiff is unable to perform any past relevant work, but Plaintiff can perform other work that exists in significant numbers in the national economy. (Tr. at 331–33.) Specifically, the vocational expert identified four jobs that an individual of Plaintiff's age, education, work experience, and RFC could perform: personnel

clerk (32,000 jobs nationally), credit clerk (32,000 jobs nationally), map clerk (17,000 jobs nationally), and sorter (35,000 jobs nationally).[8] (Tr. at 332–33.) Accordingly, the ALJ correctly concluded that Plaintiff was not disabled.

## II. Evidence Submitted to the Appeals Council Was Not New and Material

Subsequent to the ALJ's decision finding Plaintiff not disabled, the Appeals Council denied Plaintiff's request for review, which included her submission of additional medical evidence. (Tr. at 103–09.) Defendant contends that the Appeals Council properly concluded that the evidence submitted was neither new nor material and therefore does not provide a basis to alter the ALJ's decision. (Def.'s Mem. Supp. J. Pleadings at 31.) The Court agrees.

The Regulations permit a claimant to submit new evidence to the Appeals Council when requesting a review of an ALJ's determination. *Tavarez v. Astrue*, No. 11-CV-2784, 2012 WL 2860797, at *4 (E.D.N.Y. July 11, 2012) (quoting *Perez v. Chater*, 77 F.3d 41, 44 (2d Cir. 1996)). Upon receipt of the new evidence, the Appeals Council is tasked with determining whether the evidence is "material," and thereby warrants consideration. *Id.* Evidence is material when: (1) it is "relevant to the claimant's condition during the time period for which benefits were denied"; (2) it is "probative"; and (3) there is "a reasonable possibility that the new evidence would have influenced the Commissioner to decide the claimant's application differently." *Id.* (quoting *Pollard*, 377 F.3d at 193).

---

[8] The vocational expert also testified that an individual who possessed Plaintiff's characteristics, but who was additionally limited insofar as she would be off task fifteen percent of the time and absent at least two days monthly due to pain and fatigue would not be able to find work. (Tr. at 409–10.) Although, the ALJ did not explicitly discuss this portion of the vocational expert's testimony, it is apparent that he rejected it as inappropriate as it was premised on limitations Plaintiff did not possess. (Tr. at 326–33.); *see Mongeur v. Heckler*, 722 F.2d 1033, 1040 (2d Cir. 1983) ("When, as here, the evidence of record permits us to glean the rationale of an ALJ's decision, we do not require that he have mentioned every item of testimony presented to him or have explained why he considered particular evidence unpersuasive or insufficient to lead him to a conclusion of disability."). Therefore, the fact that the ALJ's decision did not expressly mention this portion of the vocational expert's testimony does not undermine the soundness of his determination.

As a threshold matter, the evidence submitted by Plaintiff that post-dated the relevant time period and is not reasonably related to the time period adjudicated by the ALJ, is not ripe for consideration. (Tr. at 104, 110–300.); *see e.g.*, *Byrd v. Colvin*, No. 15-CV-403, 2016 WL 5678551, at *10 (E.D.N.Y. Sept. 28, 2016) (affirming Appeals Council finding that new evidence "did not provide a basis for changing the ALJ's decision because they were 'about a later time' and therefore did 'not affect the decision about whether [Byrd was] disabled beginning on or before June 14, 2013'") (alterations original). With respect to the evidence dated on or before the ALJ's decision, it is not new and material. That is, the evidence is either duplicative of evidence that was before the ALJ or pertains to impairments that were adequately addressed in the record before the ALJ. As such, the evidence provided no basis upon which the ALJ's determination should be altered.

Accordingly, the Appeals Council properly declined to review the new evidence.

## CONCLUSION

For the aforementioned reasons, Defendant's motion for judgment on the pleadings is granted. The ALJ's decision is affirmed. The Clerk of Court is respectfully requested to enter judgment and close this case.


Dated: Brooklyn, New York
      September 7, 2018     SO ORDERED:

                                                       /s/LDH
                                         LaSHANN DeARCY HALL
                                         United States District Judge